IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

BRETT PAGE,

        Defendant.

06 CR 0135

06-CR-

**PLEA AGREEMENT**

FILED
JAN 09 2006
CLERK, US DISTRICT COURT, WDNY
CELEBRATING 100 YEARS OF SERVICE
TO WESTERN NEW YORK

The defendant, BRETT PAGE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a Plea Agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one Count Information which charges a violation of Title 18, United States Code, Section 922(a)(1)(A) (unlawfully dealing in firearms) which carries a maximum possible sentence of a term of imprisonment of 5 years, a fine of $250,000, or both, a mandatory $100 special assessment and a term of supervised release up to 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms and conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II. SENTENCING GUIDELINES

3. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## ELEMENTS OF THE OFFENSES

4. The defendant understands that the elements of the offense under 18 U.S.C. § 922(a)(1)(A), to which he is pleading guilty are as follows:

    a. That the defendant, while not being a licensed importer, licensed manufacturer, or licensed dealer,

-2-

b. engaged in the business of

c. dealing in firearms.

**FACTUAL BASIS**

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

> Between May 2000 and June 2001, the defendant, did knowingly and unlawfully sell approximately 5 firearms to other individuals in the Buffalo, New York area. At no time during these sales, was the defendant ever licensed as a Federal Firearm Licensee authorizing him to conduct such sales. Specifically, the defendant would obtain the firearms from James Nigel Bostic, who, with the assistance of others, purchased the firearms in the State of Ohio and unlawfully transferred them to New York. Once in New York, Bostic would bring the firearms to 189 Floss Street, in the City of Buffalo, where he would meet the defendant and others. Once at Floss Street, the defendant would obtain the firearms from Bostic and sell them to other individuals for a profit. All total, the defendant unlawfully engaged in the business of selling and dealing 5 firearms in the Buffalo area.

## BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2K2.1(a)(6) applies to the offense of conviction and provides for a base offense level of **14**.

## SPECIFIC OFFENSE CHARACTERISTICS
## USSG CHAPTER 2 ADJUSTMENTS

7. It is the government's position that the following specific offense characteristics do apply:

   (a) A **one (1)** level increase pursuant to Guidelines § 2K2.1(b)(1)(D) (sale of 5 guns)(Under the 2000 sentencing manual).

   (b) § 2K2.1(b)(5): the defendant had reason to believe that the guns would be used or possessed in connection with another felony offense and thus there is a **four (4)** level increase.

## ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the possible adjusted offense level for the offenses of convictions is **19**.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines §3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines §3E1.1(b), which would result in a total offense level of **16**.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **II**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that, with a possible total offense level of **16** and criminal history category of **II**, the defendant's sentencing range

would be a term of imprisonment of **24** to **30** months, a fine of **$5,000** to **$50,000**, and a period of supervised release of **2** to **3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

12. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any guideline departure pursuant to Chapter 5K of the Sentencing Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. Both parties, however, reserve the right to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

### III. STATUTE OF LIMITATIONS

13. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees not to assert the statute of

limitations as a defense to any criminal offense involving or related to the unlawful possession and sales of the above-mentioned firearms which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## IV. GOVERNMENT RIGHTS AND RESERVATIONS

14. The defendant understands that the government has reserved all of its rights of allocution at sentencing.

15. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including

criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor;

    e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

16. The government agrees that the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the unlawful possession and sale of the above-mentioned firearms, committed up to the date of this agreement and about which the defendant has informed the government prior to signing this agreement.

17. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid fine, restitution or special assessment.

## V. FORFEITURE PROVISIONS

18. The defendant agrees not to contest the forfeiture of, and agrees to the immediate entry of an order of forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665 and New York State Penal Law, Section 400.05 against, the following property:

    a.    The firearms that are the subject matter of the indictment.

19. In the event the defendant is allowed to withdraw the plea of guilty, or in the event this agreement is voided by the Court, it is expressly agreed and understood that the agreement for civil forfeiture of property is binding upon the defendant and survives the voiding of this agreement.

## VI. APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than

the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ **11** above, notwithstanding the manner in which the Court determines the sentence.

21. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ **11** above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. COOPERATION

22. The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to the unlawful purchase, sale, transfer, and possession of firearms and controlled substances, as well as homicides occurring in the Buffalo, New York area. The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before

grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

23. The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement. The defendant's obligation to testify truthfully and completely shall extend to proceedings in federal, state and local courts in jurisdictions which have agreed to abide by this agreement.

24. In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the unlawful purchase, sale, transfer, or possession of firearms and controlled substances, committed up to the date of this agreement and about which the defendant provides complete and truthful information. Such a promise of non-prosecution does not foreclose any prosecution for an act involving murder, attempted murder, or act of physical violence against the person of another, or conspiracy to commit an act of violence.

Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

25. Upon the condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines as provided for in Guidelines § 5K1.1 **2 levels**, which if granted by the Court, would reduce the guideline offense level to **14** and with a criminal history category of **II** result in a sentencing range for imprisonment of **18 to 24 months**. If, prior to sentencing, the defendant continues to substantially assist the government in the investigation and/or prosecution of others, the government will agree to move the Court for a further reduction of sentence. The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

26. This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government. This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

27. It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes. It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely. Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

28. In the event the government believes the defendant has violated any of the conditions in the "Cooperation" section of this agreement, then the government may, before or after sentencing, petition the Court to declare that the defendant has breached this agreement and for an order relieving the government of its obligations under this agreement.

Whether or not the defendant has violated any of the conditions of this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

If this agreement is declared breached:

a. the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

b. the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

c. the defendant has no right to withdraw the plea of guilty;

d. the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e. the defendant agrees that any charges that were dismissed pursuant to this agreement may be automatically reinstated at the request of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal

offense involving or related to the unlawful possession, manufacture or distribution of controlled substances and the unlawful possession of firearms which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

29. At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

30. The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

31. This Plea Agreement represents the total agreement between the defendant, BRETT PAGE, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

KATHLEEN M. MEHLTRETTER
Acting United States Attorney
Western District of New York

BY: _____
JOEL L. VIOLANTI
Assistant U. S. Attorney

Dated: January 9, 2006

I have read this agreement, which consists of 17 pages. I have had a full opportunity to discuss this agreement with my attorney, Lee Charles LaMendola, Esq. I agree that it represents the total agreement reached between the government and myself. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

*[signature: Brett Page]*
BRETT PAGE
Defendant

Dated: January 9, 2006

*[signature: Lee Charles LaMendola]*
Lee Charles LeMendola, Esq.
Attorney for the Defendant

Dated: January 9, 2006